IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 22, 2012 Session

**AMBER D. BREWSTER v. NICHOLAS GALLOWAY**

**Chancery Court for Anderson County**
**No. 09CH1098   Hon. William E. Lantrip, Chancellor**

———————

**No. E2011-01455-COA-R3-CV-FILED-JULY 11, 2012**

———————

CHARLES D. SUSANO, JR., concurring.

I concur in (1) the result reached by the majority and, with one caveat, (2) its rationale in reaching that result. While I agree with the majority that "[t]he record before this [C]ourt does not reflect that Father ever raised an issue regarding Mother's ability to recover attorney fees because she was never his spouse," I disagree with the majority's holding, in dicta, that Tenn. Code Ann. § 36-5-103(c)(2010) supports such an award.

The cited statute identifies "the spouse" and "the other spouse" as those against whom an award of attorney's fees can be assessed in a case[1] involving enforcement of a decree for child support or "the adjudication of the custody or the change of custody" of a child. In my judgment, this statute, by very explicit language, only involves a claim for attorney's fees against a spouse and has no application to paternity cases. In neither of the reported cases[2] cited by the majority is there any indication that the issue now under discussion was raised by the party against whom an award of fees was made.

_____
CHARLES D. SUSANO, JR., JUDGE

---

[1]The statute also applies in an action to "enforc[e] any decree for alimony." Alimony is not involved in the present case.

[2]_See_ **Miller v. Welch**, 340 S.W.3d 708, 714-15 (Tenn. Ct. App. 2010) and **Massey v. Casals**, 315 S.W.3d 788, 799 (Tenn. Ct. App. 2009).